George McClellan, Esq.
Identification No. 86268
McClellan Bernstiel, LLP
325 Sentry Parkway, Building 5
Blue Bell, Pennsylvania 19422
Office: 609.200.0570
Cell: 609.468.0127
Fax: 888.230.4245
george@mcbelegal.com

Attorneys for Plaintiff
Todd Johnson

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Todd Johnson,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | NO.: |
| v. | : | |
| **Clayton, Dubilier & Rice Fund X, L.P.** | : | |
| **and CD&R, LLC,** | : | |
| | : | **COMPLAINT AND JURY** |
| **Defendants.** | : | **DEMAND** |
| | : | |

Plaintiff Todd Johnson ("Plaintiff"), by and through his undersigned counsel, McClellan Bernstiel LLP, hereby alleges as follows:

### Parties

1. Plaintiff Todd Johnson is a citizen of the Commonwealth of Pennsylvania.

2. Upon information and belief, Defendant Clayton, Dubilier & Rice Fund X, L.P. ("Fund X") is a limited partnership that is organized under the laws of the Cayman Islands.

3. On information and belief, none of Fund X's partners is a citizen of the Commonwealth of Pennsylvania. Plaintiff will amend this allegation as needed upon Defendants' disclosure of the identities and citizenships of all partners.

4. Upon information and belief, Defendant CD&R, LLC ("CD&R") is a limited liability company that is organized under the laws of the State of New York.

5. On information and belief, none of CD&R, LLC's members is a citizen of the Commonwealth of Pennsylvania. Plaintiff will amend this allegation as needed upon Defendants' disclosure of the identities and citizenships of all members.

### Subject Matter Jurisdiction

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and complete diversity exists between Plaintiff and Defendants.

### Venue

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### Personal Jurisdiction

8. An employee of Clayton, Dubilier & Rice sent the contract at issue to Plaintiff's domicile in Pennsylvania, where he executed the contract.

9. Plaintiff agreed to and worked as a consultant to Defendants from his home in Pennsylvania.

10. CD&R sent $20,000.00 in monthly compensation to Plaintiff at his home in Pennsylvania.

11. This Court has specific personal jurisdiction over Fund X and CD&R (collectively, "Defendants").

**Factual Allegations**

12. On or about April 23, 2020, Plaintiff and Fund X entered into a Consultant Agreement for Plaintiff to provide consulting services to CD&R, Fund X, and related entities in connection with Defendants' efforts to evaluate and pursue potential acquisitions in the pharmaceutical services sector.

13. Plaintiff's consulting services included "identifying companies that are attractive for investment in the pharmaceutical services sector and providing industry information and perspective and operational due diligence support, including the analysis of businesses, customers, suppliers, existing operations, management, potential operational opportunities, risks and regulatory issues of the Targets."

14. Under §1 of the Consultant Agreement, CD&R agreed to pay Plaintiff $20,000.00 per month.

15. Under §2 of the Consultant Agreement, if Fund X completed a transaction "involving a Target resulting from [Plaintiff's] Services during the term of, or within eight (8) months after the termination of, [the Consultant] Agreement, then, as directed by [Fund X], CD&R LLC will grant [Plaintiff] a fully-vested equity-based transaction fee equal to (i) 2.0% of fully diluted outstanding equity of the Target if the Target is Optum Life Sciences or a subsidiary thereof or (ii) 1.0% of fully diluted outstanding equity of any other identified Target; provided, however, that the maximum total dollar value of all transaction fees/equity grants pursuant to (i) or (ii) above shall not exceed, in the aggregate, $4,000,000."

16. On June 24, 2020, Plaintiff and Fund X executed an amendment to the Consultant Agreement extending the term thereof to December 31, 2020.

17. In March 2021, Fund X acquired a company (the "Acquired Company") that Fund X had identified and evaluated through Plaintiff's services.

18. Per the terms of the Consultant Agreement, CD&R was required to grant Plaintiff a fully vested equity-based transaction fee (the "Transaction Fee") "equal to 1.0% of fully diluted outstanding equity" of the Acquired Company.

19. As of March 2021, one percent (1.0%) of fully diluted outstanding equity of the Acquired Company would have been equal to an amount well in excess of $75,000.00.

20. CD&R did not grant Plaintiff a fully vested equity-based Transaction Fee equal to 1.0% of fully diluted outstanding equity of the Acquired Company.

21. On or about October 13, 2021, the Acquired Company issued "Incentive Units" to Plaintiff pursuant to his Employment Agreement with Acquired Company.

22. The Incentive Unit Award Agreement issued by the Acquired Company stated that the "Incentive Units" were "an interest in the profits of" the Acquired Company.

23. The "Incentive Units" issued to Plaintiff were worthless.

24. On May 10, 2024, Acquired Company purported to repurchase the Incentive Units Agreement from Plaintiff for $0.00.

25. On multiple occasions between March 2021 and April 2024, Plaintiff repeatedly attempted to collect the Transaction Fee.

26. In May 2023, an employee of Clayton, Dubilier & Rice told Plaintiff he would help him recover the Transaction Fee.

27. On October 19, 2023, a different employee of Clayton, Dubilier & Rice wrote Plaintiff an email stating that she had been working "with counsel and others" to help Plaintiff recover the Transaction Fee.

28. In December 2023, the employee of Clayton, Dubilier & Rice (referenced in paragraph 23) told Plaintiff that he had discussed the Transaction Fee with the employee of Clayton, Dubilier & Rice (referenced in paragraph 24) and that CD&R acknowledged that it is required to pay the Transaction Fee to Plaintiff.

29. In April 2024, the employee of Clayton, Dubilier & Rice (referenced in paragraph 23) offered Plaintiff a new consultant agreement as Senior Advisor to the Acquired Company, but only if Plaintiff would release Defendants of their obligation to pay the Transaction Fee.

30. Plaintiff rejected the offer and did not release Defendants of their obligation to pay the Transaction Fee.

31. Defendants subsequently have taken the position that the issuance of the Incentive Units by the Acquired Company has satisfied Defendants' contractual obligation under the Consultant Agreement to provide one percent (1.0%) of fully diluted outstanding equity of the Acquired Company to Plaintiff.

## First Count
### Declaratory Judgment

32. Plaintiff incorporates the allegations pleaded in paragraphs one through thirty-one as though fully set forth at length.

33. This Court may declare the parties' rights under 28 U.S.C. §§2201–2202.

34. An actual and immediate controversy exists concerning whether Section 2 of the Agreement required Defendants to grant Plaintiff an equity-based interest equal to 1.0% of fully diluted outstanding equity of the Acquired Company or only a profits-only interest.

35. The Consultant Agreement's plain language—"equity-based" and "fully diluted outstanding equity"—requires Defendants to issue to Plaintiff an equity interest measured on the capitalization table, not a contingent profits-only instrument issued by the Acquired Company.

5

36. Plaintiff seeks a declaration that Section 2 of the Consultant Agreement entitles him to a 1% equity interest and to the incidents of equity ownership that a 1% fully diluted holder would possess as of the acquisition closing.

**WHEREFORE**, Plaintiff Todd Johnson demands judgment in his favor and against Defendants Clayton, Dubilier & Rice Fund X, L.P. and CD&R, LLC, together with costs and such further relief as the Court deems just and appropriate.

## Second Count
## Breach of Contract

37. Plaintiff incorporates the allegations pleaded in paragraphs one through thirty-six as though fully set forth at length.

38. The Consultant Agreement is a valid and binding contract.

39. Plaintiff has performed his contractual obligations.

40. Defendants have breached their contractual obligations.

41. Plaintiff has been damaged as a result of Defendants' breach of contract.

**WHEREFORE**, Plaintiff Todd Johnson demands specific performance in his favor and against Defendants Clayton, Dubilier & Rice Fund X, L.P. and CD&R, LLC, compelling Defendants to grant, effective as of the acquisition closing, a fully-vested equity interest equal to 1.0% of the fully diluted outstanding equity of the Acquired Company, with the same class, preferences, privileges, and restrictions a 1% fully diluted holder possessed at closing, adjusted solely for subsequent stock splits, recapitalizations, or re-denominations together with costs, attorney's fees and such further relief as the Court deems just and appropriate. In the event that the Court determines that specific performance is either not available or appropriate for whatever reason, then Plaintiff Todd Johnson demands judgment in his favor and against Defendants

Clayton, Dubilier & Rice Fund X, L.P. and CD&R, LLC together with costs and such further relief as the Court deems just and appropriate.

November 19, 2025                              **Respectfully submitted,**

                                                           **McClellan Bernstiel**

                         **BY:**     <u>**/s/ George McClellan**</u>
                                          George McClellan, Esq.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

November 19, 2025             **Respectfully submitted,**

                                        **McClellan Bernstiel**

                      **BY:**   **/s/ George McClellan**
                                  George McClellan, Esq.